UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA A. SOPER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00192-SRC |
| | ) |
| MIKE HEINRICY, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

Joshua Soper, currently incarcerated at the Iowa Medical and Classification Center, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Doc. 1.  Petitioner seeks extradition to Clark County, Missouri to face pending state criminal charges.  Reviewing the petition, the Court finds that, in the interest of justice, it should transfer this case to the United States District Court for the Southern District of Iowa.

Soper signed his habeas petition on February 6, 2022, and the Court received the petition on February 15, 2022.  Doc. 1 at pp. 1, 8.  Soper states that he is currently serving an Iowa state court sentence, imposed on January 2, 2022, at the Iowa Medical and Classification Center in Coralville, Iowa.  *Id.* at p. 1.  Soper asks that he be "extradited" or "brought to" Clark County, Missouri "to get existing charges taken care of" while he is incarcerated.  *Id.* at pp. 2, 5, 7.

Soper provides no details of his pending Missouri charges, but an independent review of Missouri Case.net, Missouri's online docketing system,[1] shows a criminal complaint filed against a "Joshua Allen Soper" on January 19, 2022, in Clark County, Missouri.  *See State v.*

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005).

*Soper*, No. 22CK-CR00012 (1st Mo. Cir. Ct. 2022).  The complaint contains seven charges including drug possession and trafficking, weapons offenses, and motor-vehicle violations.  After Soper failed to appear at a February 10, 2022, hearing in the case, the state court issued a warrant for his arrest.  There is no indication in the state court record that Soper has notified the Missouri court that he is currently incarcerated in Iowa.

Soper seeks relief under 28 U.S.C. § 2241; however, jurisdiction over a petition for writ of habeas corpus brought under that statute lies either in the district of the petitioner's physical confinement or in the district in which a custodian responsible for the petitioner's confinement is present.  *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976).  According to the Supreme Court, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Soper is not confined within the Eastern District of Missouri, nor does Soper's custodian appear present in this district.  Thus, the Court lacks jurisdiction over Soper's petition.  Instead, Soper is incarcerated in a facility in Coralville, Iowa, located in Johnson County, within the Southern District of Iowa.  *See* 28 U.S.C. § 95(b)(5).  The United States District Court for that district has jurisdiction to hear Soper's petition.

2

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought.  Upon transfer under § 1631, the action proceeds as if it had been originally filed in the court to which it is transferred.  Because the Court finds it in the interest of justice to do so, the Court transfers this case to the United States District Court for the Southern District of Iowa.

So Ordered this 9th day of May 2022.

                                                                                     STEPHEN R. CLARK
                                                                                     UNITED STATES DISTRICT JUDGE